[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 24, 2006
THOMAS K. KAHN
CLERK

No. 06-10833
Non-Argument Calendar

_____

D.C. Docket No. 05-00074-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACK VUE,
a.k.a. Chai Vue
OR VUE,
a.k.a. Or Send Chandara Lor

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(October 24, 2006)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

On February 5, 2005, a Northern District of Georgia grand jury returned a four-count indictment against appellants Jack Vue and Or Vue,[1] Khamphanh Sisakda, Susan Sisakda,[2] and Vongmath Thongliane charging them as follows: Count One, conspiracy to import opium; Count Two, importation of opium; Count Three, conspiracy to possess with intent to distribute opium; and Count Four, possession with intent to distribute opium. On November 14, 2005, the Vues and Khamphanh Sisakda stood trial.[3] The jury convicted the Vues on Counts One and Three, and acquitted Khamphanh Sisakda on all counts.[4] On January 20, 2006, the district court sentenced Jack Vue and Or Vue on Counts One and Three at the low end of the Guidelines sentence range — to concurrent prison terms of 97 and 87 months, respectively. They now appeal. Both challenge their convictions, contending that the district court erred (1) in denying their motions to suppress evidence — principally the opium described in the indictment — seized at their Minneapolis, Minnesota residence pursuant to a search warrant, and (2) in denying their motions for judgment of acquittal. Or Vue also challenges her sentences.

---

[1] The Vues are husband and wife.

[2] Like the Vues, the Sisakdas are husband and wife.

[3] Susan Sisakda and Vongmath Thongliane pled guilty and testified for the Government against the remaining co-defendants.

[4] The jury acquitted Khamphanh Sisakda.

The district court referred appellant's motions to suppress to a magistrate judge, who, in his Report and Recommendation ("R & R"), recommended that the motions be denied. After considering appellants' objections to the R & R, the district court adopted the R & R as the opinion of the court and denied appellants' motions. Appellants contend that the court erred in doing so because the affidavit that provided the foundation for the search warrant contained information that had been falsified intentionally. The district court assumed that the challenged statements were inaccurate – and had been made so intentionally, as appellants had alleged. The court therefore redacted those statements from the affidavit. With these statements stricken, the court concluded that the statements remaining in the affidavit were sufficient to show probable cause, i.e., that Susan Sisakda and Vongmath Thongliane were carrying opium to appellants' Minneapolis residence. We agree, and do so for the reasons stated in the R & R. It follows, then, that the court committed no error in denying appellants' motions to suppress.

Appellants claim that the evidence was insufficient to convict them on Counts One and Three because the testimony of co-defendants Susan Sisakda and Vongmath Thongliane was incredible. We think it was well within the jury's province to believe what these two witnesses had to say. After all, they brought the opium from Thailand to Atlanta because Jack Vue said he would pay each of them

$10,000 to do so. When the Customs officers at the Atlanta airport detected the opium (it was in their luggage, contained in fabric that had been soaked in opium), they agreed to participate in a controlled delivery to the Vues' residence in Minnesota, which was accomplished. In sum, the evidence was more sufficient to support the credibility of these two witnesses and, coupled with the other evidence presented to the jury, to convict appellants on Counts One and Three.

Or Vue contends that the court clearly erred in determining her base offense level – based on 7.88 kilograms of opium – because it failed to separate out the weight of the acetaminophen that was mixed with the opium when calculating the opium's weight. The Guidelines state that "the weight of a controlled substance. . . refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." U.S.S.G. § 2D1.1(c)n.(A)(2005). However, a mixture or substance does not include materials that must be separated from the controlled substance before it can be used. Id. An example would be the fiberglass in a cocaine/fiberglass bonded suitcase.

The court did not clearly err in finding Or Vue was responsible for 7.88 kilograms of opium because a DEA chemist testified that acetaminophen would not impair the consumption of opium. And Vue points to nothing in the record that might contradict such testimony. The challenge to her sentences therefore fails.

AFFIRMED.

4